

# THE ATTORNEY GENERAL

# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

January 9, 1968

Hon. Homer Garrison, Jr., Director
Texas Department of Public Safety
Austin, Texas

Opinion No. M-183

Re: Whether F.B.I. vehicles
are "authorized emergency
vehicles" as defined in
Article 6701d, Section
2(d), Vernon's Civil
Statutes.

Dear Mr. Garrison:

You have requested an opinion of this office as to
whether Federal Bureau of Investigation vehicles are "authorized
emergency vehicles" within the meaning of Article 6701d,
Section 2(d), Vernon's Civil Statutes.

Said Article 6701d, Section 2(d) reads as follows:

"Authorized Emergency Vehicle. Vehicles of
the fire department (fire patrol), police
vehicles, public and private ambulances for
which permits have been issued by the State
Board of Health, emergency vehicles or munic-
ipal departments or public service corpora-
tions as are desginated or authorized by the
governing body of an incorporated city, and
private vehicles operated by volunteer fire-
men while answering a fire alarm."

The director, associate, assistants, inspectors and
agents of the Federal Bureau of Investigation of the Depart-
ment of Justice may carry firearms, serve warrants and sub-
poenas issued under the authority of the United States and
make arrests without warrant for any offense in the violation
of the penal laws of the United States committed in their
presence, or for any felony offense cognizable under the laws
of the United States if they have reasonable grounds to believe
that the person to be arrested has committed or is committing
such felony. 18 U.S.C. 3052. They are likewise empowered to
make seizures under warrant for violation of the laws of the
United States. 18 U.S.C. 3105.

- 877 -

In Attorney General's Opinion No. V-580 (1948) this office, in interpreting a similar version of the above referred Act, then existing, expressed the opinion that automobiles operated by the United States Immigration Border Patrol were "police vehicles" within the meaning of such Act and in so doing stated as follows:

> "In the absence of a statutory definition as to what is a police vehicle, we must look to the intent of the Legislature to arrive at a proper understanding of the term. In this regard, it is reasonable to suppose that the intent of the Legislature was that a police vehicle should include any official vehicle used to discharge functions vitally connected with public safety. It cannot be conceived that the Legislature intended solely those vehicles used in enforcing traffic laws."

It is further expressed in said opinion that:

> "It is inconceivable that our State Legislature intended only State and Local police officers to enjoy this special sanction in attempting to keep the peace and enforce the law of the land."

The above recited duties and powers of the Federal Bureau of Investigation clearly show that such vehicles when used in an official capacity are used to discharge functions vitally connected with public safety.

Attorney General's Opinion V-580, together with the departmental construction thereunder, having stood unmolested by statutory amendment during the years since the issuance of such opinion are themselves authorities for the proposition, and it is the opinion of this office, that Federal Bureau of Investigation vehicles are "police vehicles" and therefore are "authorized emergency vehicles" within the meaning of said Article 6701d, Section 2(d).

## SUMMARY

Federal Bureau of Investigation vehicles are

"police vehicles" and therefore are "authorized

emergency vehicles" within the meaning of said Article 6701d, Section 2(d).

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Monroe Clayton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE:

Hawthorne Phillips, Chairman
Kerns B. Taylor, Co-Chairman
Douglas H. Chilton
Mark White
Harold Kennedy

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.